UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA STOMBERG; and TAWNYA
STOMBERG,

Plaintiffs,

v.

NATIONWIDE RECOVERY SERVICE,
INC., formerly known as ASSET
MANAGEMENT OUTSOURCING
("AMO") RECOVERIES, INC.,

Defendant.

C25-1981 TSZ

ORDER

THIS MATTER comes before the Court on a motion for partial summary judgment, docket no. 10, brought by plaintiffs Joshua and Tawnya Stromberg. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

On August 14, 2025, an attorney for defendant Nationwide Recovery Service, Inc. ("NRS"), formerly known as Asset Management Outsourcing Recoveries, Inc. ("AMO"),[1] signed a writ of garnishment, which was served on plaintiff Joshua

---

[1] The operative pleading states that NRS has represented itself in "legal pleadings and court filings" to be the successor-in-interest to AMO and that both NRS and AMO are or were owned

ORDER - 1

Stromberg's employer, Primus International LLC ("Primus").  *See* Ex. A to Stromberg Decl. (docket no. 10-1).  The parties agree that, at the time the writ of garnishment was issued by NRS's lawyer and served on Primus, plaintiffs did not owe any money to NRS.  *See* Stromberg Decl. at ¶¶ 8–9 & n.1 (docket no. 10-1) (indicating that the outstanding balances of medical and utility debts had been paid via cashier's check in July 2025); *see also* McGrath Decl. at ¶ 10 (docket no. 11-1) (conceding that the writ of garnishment was "sent in error").  The writ of garnishment confusingly indicated as follows:

| | |
|---|---:|
| Balance of Judgement [sic] | $1.00 |
| Interest under Judgment . . . | $6,281.81 |
| . . . | |
| TOTAL: | **$2,145.61** |

Ex. A to Stromberg Decl. (docket no. 10-1 at 8) (emphasis in original).  NRS admits that it violated the Fair Debt Collection Practices Act ("FDCPA"), but it asserts that the following statutory provision insulates it from liability:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

---

by FutureTech Holding Company.  *See* Compl. at ¶ 3 (docket no. 1-1).  The record reflects that NRS is a "foreign" corporation, but the States in which NRS was incorporated and has its principal place of business are unknown.  *See id.* at ¶ 2.  The Court's jurisdiction is not, however, premised on diversity, but rather on a claim arising under federal law, namely the Fair Debt Collection Practices Act.  *See* Notice of Removal at ¶ 3 (docket no. 1).  Nevertheless, to enable the Court to ensure that no conflict exists in this matter, **NRS is DIRECTED to file, within seven (7) days of the date of this Order, the corporate disclosure statement required by Local Civil Rule 7.1**.

ORDER - 2

**Discussion**

Plaintiffs seek partial summary judgment as to liability under the FDCPA and Washington's Consumer Protection Act ("CPA"). The parties agree on the applicable standards, including that NRS bears the burden of proof on its affirmative defense of bona fide error. *See* Resp. at 3 (docket no. 11); Reply at 3 (docket no. 12); *see also Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008). The bona fide error defense has three elements: (i) the FDCPA violation must have been unintentional; (ii) the FDCPA violation must have resulted from a bona fide error; and (iii) the defendant must have "maintained procedures reasonably adapted to avoid the violation." *Amaya v. Sentry Credit, Inc.*, 798 F. Supp. 3d 1263, 1271 (W.D. Wash. 2025) (quoting *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011)).

Given the procedural posture of the issue, as to which NRS has not brought any cross-motion for summary judgment, the questions before the Court are (i) whether plaintiffs have established an absence of dispute concerning material facts relating to the bona-fide-error defense, (ii) if so, whether plaintiffs are entitled to judgment as a matter of law that NRS cannot meet its burden of proving the defense, and (iii) whether NRS's liability under the FDCPA and the CPA has been established. *See* Fed. R. Civ. P. 56(a); *see also Frias v. Patenaude & Felix APC*, No. C20-805, 2022 WL 136816, at *4 n.5 (W.D. Wash. Jan. 14, 2022). The Court concludes that plaintiffs have made the requisite showing and are entitled to partial summary judgment.

/ / /

ORDER - 3

The parties agree that, when the writ of garnishment was issued, NRS had a procedure that contained the following provisions:

> Collector must review the account for contact, possible arrangements or pending payments, if the defendant is on an agreed payment plan, do NOT submit for a garnishment. . . .

> Once the above has been reviewed/completed, the collector will move the file to the GARN PREP for final review.  File will be reviewed by legal clerk and/or manager using the same authorization procedure.

Ex. B to McGrath Decl. (docket no. 11-3).  According to NRS's Director of Client Services, an unidentified collector did not follow these procedures before issuing the writ of garnishment in August 2025.  McGrath Decl. at ¶ 8 (docket no. 11-1).  NRS's Director of Client Services does not explain, however, how she knows that the unidentified collector failed to follow NRS's procedures,[2] how complying with the procedures might have prevented the writ of garnishment from issuing,[3] or why a legal clerk and/or

---

[2] As in *Frias*, a declaration concerning the alleged error has been submitted by someone who appears to have no personal knowledge about the incident; however, unlike in *Frias*, NRS's Director of Client Services does not indicate that she was designated as a Rule 30(b)(6) witness and no transcript of any Rule 30(b)(6) deposition has been provided to the Court.  *See Frias*, 2022 WL 136816, at *4 (citing *SEC v. Hemp, Inc.*, No. 16-cv-1413, 2018 WL 4566664, at *2–3 & n.27 (D. Nev. Sept. 24, 2018) (rejecting a summary-judgment affidavit because the declarant was not a Rule 30(b)(6) designee and lacked personal knowledge about the contents therein)).  Thus, the sole declaration proffered by NRS does not satisfy the requirements of Federal Rule of Civil Procedure 56(c)(4).

[3] The procedures are so poorly worded that they do not support NRS's proposition that they could have operated to avoid the violation in this matter.  The procedures indicate that a collector must review the account for contact, but they do not provide any guidance concerning what action to take in the event of contact or lack of contact.  *See* Ex. B to McGrath Decl. (docket no. 11-3).  The procedures reference "possible arrangements or pending payments," but they do not explicitly correlate such events with any particular activity on the part of the collector.  *See id.*  Finally, the procedures advise that, "*if* the defendant is on an agreed payment plan, do NOT submit for a garnishment."  *Id.* (emphasis added).  This last clause did not apply to plaintiff Joshua Stomberg; he had already paid his debts in full.

ORDER - 4

manager failed to catch the collector's alleged error upon final review. To the extent that no final review occurred (or that any final review was not anticipated to discover the collector's alleged error), such fact would entirely undermine NRS's contention that it has, as required, "actually employed or implemented" any error-avoidance procedures. *See* *Reichert*, 531 F.3d at 1006.

Plaintiffs are entitled to judgment as to NRS's inability to meet its burden of proving a bona-fide-error defense, and given NRS's concession that it violated the FDCPA by issuing the writ of garnishment in August 2025, NRS's liability has been established.[4] Contrary to NRS's contention, with respect to plaintiff's CPA claim, which is pleaded in part on the basis of the FDCPA violation being a "per se" unfair or deceptive trade practice, *see* Compl. at ¶¶ 44, 54, & 56 (docket no. 1-1), plaintiffs have demonstrated the requisite injury (*i.e.*, costs to obtain court records and to secure legal representation) for purposes of establishing liability. *See* *Sims v. Midland Funding LLC*,

---

[4] In their operative pleading, plaintiffs identified six actions by NRS that allegedly violated the FDCPA, namely (a) asserting that money was owed, (b) representing in September 2025 that a wage garnishment was lawful, (c) representing that NRS is AMO's successor-in-interest or assignee, (d) failing to file a satisfaction of judgment or dismissal as promised, (e) issuing a writ of garnishment that contained erroneous figures, and (f) falsely indicating in September 2025 that the improper writ issue would be handled promptly. *See* Compl. at ¶¶ 36(a)–(f) (docket no. 1-1). In their motion for summary judgment, plaintiffs focus on the first and fifth allegations, *i.e.*, the attempt to collect money that was not due and the recitation of $6,281.81 in interest and a lesser total of $2,145.61 being outstanding. *See* Mot. at 9–10 & n.2 (docket no. 10). The FDCPA permits an individual to recover any actual damages, as well as statutory damages up to $1,000, along with reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a). As seemingly acknowledged by plaintiffs, the maximum amount of statutory damages would not be increased by a finding that NRS violated the FDCPA in more than one way. Having concluded that NRS violated the FDCPA by issuing the writ of garnishment in August 2025, the Court need not consider (and a jury need not decide at trial) whether NRS is liable under the FDCPA pursuant to the other theories set forth in the Complaint.

ORDER - 5

No. C20-1230, 2021 WL 1546135, at *6 (W.D. Wash. Apr. 20, 2021).  The amount of damages remains a question of fact for trial.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    Plaintiffs' motion, docket no. 10, is GRANTED, and summary judgment as to liability is granted in favor of plaintiffs.  As a matter of law, defendant Nationwide Recovery Service, Inc. is liable for violating the Federal Debt Collection Practices Act and Washington's Consumer Protection Act by issuing and serving a writ of garnishment in August 2025, when plaintiffs no longer owed any money to defendant.

(2)    A bench trial remains set for October 26, 2026.  Within twenty-one (21) days of the date of this Order, the parties shall meet and confer and file a Joint Status Report indicating (i) whether trial will be necessary in this matter, and (ii) if so, whether trial is still anticipated to require two days.

(3)    The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 7th day of May, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 6